**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SAMEH AYMAN IBRAHIM FAHIM,

    Petitioner,

    v.                                 No. 2:26-cv-00578-SMD-JMR

KRISTI NOEM, *et al.*,

    Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Sameh Ayman Ibrahim Fahim is a citizen of Egypt who entered the United States without inspection on July 7, 2024. Doc. 1 ¶ 1. Immigration and Customs Enforcement ("ICE") apprehended him upon entry and charged him removable an alien present without admission or parole. *Id.* ¶ 2. ICE subsequently released Petitioner on an Order of Release on Recognizance. *Id.* ¶ 3. Since his release, Petitioner has resided in the U.S., complied with the terms of his release, and has no criminal record. *Id.* ¶ 4. He has filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *Id.* ¶ 5. Respondents acknowledge that Department of Homeland Security ("DHS") records reflet an asylum officer found Petitioner demonstrated a credible fear of persecution. *See* Doc. 8 at 2.

As a condition of his release, Petitioner was required to attend scheduled appointments with ICE officers. Doc. 1 ¶ 6. When he appeared for his appointment in December 2025, ICE arrested him and detained him at the Otero County Processing Center. *Id.*

Petitioner challenges his ongoing detention, asserting that the denial of a bond hearing violates 8 U.S.C. § 1226, relevant bond regulations, and Due Process. *Id.* ¶¶ 64–74. Petitioner seeks immediate release or, alternatively, a constitutionally adequate bond hearing.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Respondents do not dispute that this Court has jurisdiction to adjudicate a properly filed § 2241 petition challenging immigration custody in this District. *See* Doc. 8 at 7.

I.    Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id*. at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."

Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings.  *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention.  *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest.  *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since July 7, 2024 and was detained in the U.S. interior. *See* Doc. 1 ¶¶ 1, 6.  He is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering.  Petitioner is instead entitled to a bond hearing under § 1226(a).  *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

Respondents argue that prompt bond hearing, rather than release, is the appropriate remedy if the Court finds § 1226(a) governs Petitioner's detention.  *See* Doc. 8 at 6.  Petitioner counters that immediate release is the only suitable remedy in this case, citing authorities in other districts

3

holding that a post-deprivation bond hearing cannot cure the lack of pre-deprivation notice. Doc. 9 at 6 (citing *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014, 2026 WL 91470, at *13 (D. Colo. Jan. 13, 2026); *Qasemi v. Francis*, No. 25-cv-10029, 2025 WL 3654098 at *14, (S.D.N.Y. Dec. 17, 2025); *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *7 (E.D.N.Y. Jan. 6, 2026); *Chipantiza-Sisalema v. Francis*, 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025)). The Court finds such reasoning persuasive given the specific facts of this case, as Petition faces no removal order, poses no flight risk or danger to the public, and has fully cooperated with Respondents. Furthermore, courts in this district have ordered immediate release as the appropriate remedy under similar circumstances. *See Centeno v. Castro*, No. 2:26-CV-00518-DHU-KRS, 2026 WL 837018, at *2 (D.N.M. Mar. 26, 2026); *Chupe v. Bondi*, No. 2:26-CV-00318-MIS-JMR, 2026 WL 541004, at *1 (D.N.M. Feb. 26, 2026); *Bello v. Bondi*, No. 2:26-CV-00398-MIS-SCY, 2026 WL 491307, at *2 (D.N.M. Feb. 20, 2026); *Duhan v. Noem*, No. 2:26-CV-00019-MIS-JFR, 2026 WL 266619, at *2 (D.N.M. Feb. 2, 2026); *Ortiz v. Noem*, No. 2:25-CV-01307-KG-GJF, 2026 WL 92867, at *3 (D.N.M. Jan. 13, 2026).

II.       The Government's Detention of Petitioner Violates His Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that

the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

Respondents argue that if the Court grants the Petition on statutory grounds, it should decline to address Petitioner's constitutional arguments. *See* Doc. 8 at 4 n.3. The Court disagrees. Under 28 U.S.C. § 2241(c)(3), this Court's very authority to hear a § 2241 petition rests on the inquiry of whether Petitioner's custody violates the Constitution. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008). While the finding that § 1226(a) governs Petitioner's detention bolsters his entitlement to relief, it cannot replace the necessary constitutional analysis. Unlike purely statutory cases subject to the doctrine of constitutional avoidance, *see Olmos v. Holder*, 780 F.3d 1313, 1320 (10th Cir. 2015), a court lacks the power to grant a habeas petition without first determining that the detention exceeds constitutional restraints.

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. ICE detained Petitioner during a routine check-in appointment, effectively penalizing the very compliance the agency required. Petitioner's attendance at prior check-in appointments established a pattern of compliance, which created a reasonable expectation of continued liberty. The combination of authorized release and the consistent attendance of check-in appointments creates a constitutionally protected interest that cannot be revoked without providing due process of law. While the Court recognizes that release

on one's own recognizance does not constitute legal authorization to remain in the country and is generally revocable, any such revocation must still comport with constitutional procedural safeguards.

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 8 at 6. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

Respondents further argue that any order directing them to transport Petitioner to a particular location is overbroad in relation to the limited relief available in habeas. *See* Doc. 8 at 7. The Court disagrees and finds that a coordinated release specifying travel logistics is essential to ensure compliance, conserve judicial and administrative resources, and facilitate the orderly resolution of this matter.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to his primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**